STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

CASE TYPE:  CIVIL-OTHER

---

Armory Hospitality, LLC,

Plaintiff,

vs.

Philadelphia Indemnity Insurance Companies,
a/k/a Philadelphia Insurance Companies,
a/k/a Tokio Marine Specialty Insurance,

Defendant.

Court File No.: _____

**SUMMONS**

---

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT.

1.      **YOU ARE BEING SUED.**  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.      **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at Hellmuth & Johnson, PLLC, 8050 West 78th Street, Edina, Minnesota 55439.

3.      **YOU MUST RESPOND TO EACH CLAIM.**  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.      **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A Default Judgment can then be entered against you for the relief requested in the Complaint.

1

EXHIBIT A

5.      **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.      **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**HELLMUTH & JOHNSON, PLLC**

Dated: 02/141/2022                    By: /s/ Patrisha M. Garger
                                          J. Robert Keena, ID #258817
                                          Patrisha M. Garger, ID #0401741
                                          8050 West 78th Street
                                          Edina, Minnesota 55439
                                          Tele: 952-941-4005
                                          Fax: 952-941-2337
                                          jkeena@hjlawfirm.com
                                          pgarger@hjlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**<u>ACKNOWLEDGMENT</u>**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statutes §549.211, to the party against whom the allegations in this pleading are asserted.

Dated: 02/14/2022                    By: /s/ Patrisha M. Garger
                                          Patrisha M. Garger, ID #0401741

2

Filed in District Court
State of Minnesota
2/15/2022 1:16 PM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

CASE TYPE:  CIVIL-OTHER

---

Armory Hospitality, LLC,

               Plaintiff,

vs.

Philadelphia Indemnity Insurance Companies,
a/k/a Philadelphia Insurance Companies,
a/k/a Tokio Marine Specialty Insurance,

               Defendant.

Court File No.: _____

**COMPLAINT**

---

Plaintiff Armory Hospitality, LLC ("Armory"), as and for its Complaint against Defendant Philadelphia Indemnity Insurance Companies, a/k/a Philadelphia Insurance Companies, a Pennsylvania corporation ("Philadelphia") and a/k/a Tokio Marine Specialty Insurance Company, states and alleges as follows:

## THE PARTIES

1.      Armory is a Minnesota limited liability company with a registered office located at 510-1st Avenue N, Suite 600, Minneapolis, County of Hennepin, State of Minnesota.

2.      Upon information and belief, Defendant Philadelphia is a Pennsylvania corporation having a principal place of business and authorized location for service of process at Three Bala Plaza East, Suite 400, Bala Cynwdy, Pennsylvania 19004.  Philadelphia has, at all times relevant hereto, conducted the business of selling insurance coverage through policies in the State of Minnesota.  Philadelphia is licensed in Minnesota as Philadelphia Indemnity Insurance Company and is designated by NAIC ID 18058.  The subject policy was purchased from Philadelphia

1

Filed in District Court
State of Minnesota
2/15/2022 1:16 PM

Indemnity Insurance Companies. Philadelphia is also known as Philadelphia Insurance Companies, and Tokio Marine Specialty Insurance Company.

## JURISDICTION

3.      Subject matter jurisdiction is proper in this Court pursuant to Minn. Stat. §484.01.

4.      Upon information and belief, this Court has personal jurisdiction over Philadelphia under Minn. Stat. § 543.19 because Philadelphia transacts business in the State of Minnesota.

5.      This action is properly venued under Minn. Stat. §542.09 because the location where the loss occurred is located in Hennepin County, Minnesota.

## FACTUAL ALLEGATIONS

6.      Armory owns and operates a business and property located at 500–530 South Sixth Street, Minneapolis, County of Hennepin, Minnesota 55415-1531 (the "Insured Premises").

7.       Other than during the business interruption period detailed below, Armory is a thriving business that provides a venue for concerts, conventions, sporting events, tradeshows, and other private gatherings.

8.      Philadelphia issued an insurance policy to Armory which provided coverage for property damage and business interruption, among other coverages identified as Policy Philadelphia issued policy number                    (the "Policy").  The Policy included business and personal property coverage and an Elite Property Enhancement: Performing Arts and Entertainment endorsement.

9.      The Policy of Insurance sold by Philadelphia to Armory includes the following provision coverage with regard to direct physical loss:

"We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

10. The Policy of insurance sold by Philadelphia includes a Business Income (And Extra Expense) Coverage. This Business Income coverage indemnifies the insured (The Armory) for loss of business due to a suspension of Armory's operations caused by direct physical loss of Armory's property or its business personal property caused by or resulting from a covered cause of loss.

11. The Business Income (And Extra Expense) Coverage policy provides the following coverage:

"We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss."

12. The Limit of coverage for business interruption loss resulting from direct physical loss under the policy is $1,000,000.00.

13. Armory purchased the Policy and the specific additional coverages due to its desire to obtain the most expansive coverage available to protect its building and operations in the event of foreseeable or unforeseeable events that could have a significant impact on Armory's operations.

14. In early 2020, the coronavirus pandemic spread to Minnesota.

15. This emergency triggered a wide spread shut down of businesses across the nation.

16.     Because the coronavirus was present in Minnesota, the governor issued a series of executive orders (the "Orders") to mandate the closure of certain businesses in an effort to reduce spread of the pandemic.

17.     These mandates specifically affected entertainment venues in Minnesota, including Armory requiring the suspension of its business operations.

18.     Between March 16, 2020 and March 12, 2021, a series of Orders were issued that interrupted and suspended Armory's operations.  Each Order extended the period of suspension for small time periods until the final Order was lifted.

19.     As a result, the Orders required Plaintiff to suspend all operations from March 16, 2020 until the mandate ended on or about June 27, 2021.

20.     Armory's business operations were interrupted for over a year in order to comply with these Executive Orders.

21.     The Orders impaired the building's function and value of the Property as well as deprived Armory of occupying and controlling its business operations and using the premises as intended.  Essentially, the Orders rendered the Property useless.

22.     At the time it was ordered to cease operations, Armory had numerous events already scheduled and would have hosted these events had it not been for the Orders.

23.     Armory was forced to cancel these events and if any funds were pre-paid to reserve the space, Armory had to refund these monies.

24.     Armory has business personal property located within the building such as electronics, kitchenware, bar equipment and accessories, alcohol and other beverages needed to host the numerous previously scheduled events.

25.     When Armory was forced to shut down and cease operations, Armory experienced a direct physical loss of its business personal property because Armory was not able to use its property.

26.     As a result, Armory suffered a direct physical loss of its property.

27.     A direct physical loss of property occurs when an owner's possession of its property is severed[1].

28.     When the government orders required Armory to cease operations, Armory suffered a direct physical loss of the Insured Property and the government orders constitute a covered cause of loss under the policy.

29.     Armory suffered a direct physical loss of its business personal property when its operations and business was interrupted as a result of Governmental Executive orders mandating that Armory close its doors and temporarily cease operations as a result of the coronavirus pandemic.

30.     Armory filed a claim with Philadelphia under the Policy.

31.     Philadelphia denied the claim and failed to issue coverage or payment to Armory in response to the claim.

32.     Because Armory purchased the comprehensive Policy coverages, suffered a direct physical loss of its property and business personal property, and cooperated with all the Policy's requirements, Armory is entitled to the benefits of that coverage.

33.     The total amount of loss suffered by Armory in business interruption as a result of this direct physical loss exceeded $1,000,000.00.

## COUNT I
(Declaratory Relief – Duty to Provide Coverage)

34.     Armory restates and re-alleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

---

[1] *Siefert v. IMT Insurance Company*, 542 F.Supp.3d 874 (D. Minn. 2021).

Filed in District Court
State of Minnesota
2/15/2022 1:16 PM

35.     Philadelphia sold a policy of insurance to Armory providing coverage for business property damage and business interruption caused by direct physical loss to property under the terms of the Policy.

36.     Philadelphia has denied any obligation to provide coverage for Armory's loss.

37.     Philadelphia's denial of Armory's claim is wrongful and is a breach of their duty to provide coverage and pay claims pursuant to the terms of the Policy.

38.     A real and justiciable controversy exists between Armory and Philadelphia.

39.     Genuine conflicts exist between Armory and Philadelphia concerning Philadelphia's obligations under the Policy.

40.     This action for declaratory relief is brought pursuant to Minn. Stat. § 555.01 and Minn. R. Civ. P. 57 because Armory seeks a judicial determination of the rights and duties of the parties with respect to an actual controversy arising under the Policy.

41.     Armory also seeks a judicial declaration that their contentions as set forth above are correct. Such a declaration is necessary and proper at this time in order that all of the parties may determine their rights and obligations among themselves.

## COUNT II
(Breach of Contract)

42.     Armory restates and re-alleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

43.     Armory and Philadelphia entered into an insurance contract wherein Philadelphia agreed to indemnify Armory for its direct loss of the Insured Premises.

44.     Armory paid premiums in full to Philadelphia for the Policy and they are entitled to the full benefits and rights afforded by that Policy.

45.     Philadelphia failed to pay the Armory's claims and has otherwise failed to acknowledge it's insuring obligations to Armory.

46.     By failing to acknowledge their obligations under the Policy and pay Armory's claim, Philadelphia is liable for breach of contract. As a direct result of Philadelphia's breach of contract, Armory is entitled to damages in excess of $50,000.00 in an amount to be determined at trial.

**WHEREFORE,** Armory prays for judgment against Philadelphia as follows:

1.      A declaratory judgment declaring that Philadelphia's denial of coverage was wrongful and a breach of Philadelphia's duties under the Policy;

2.      A declaratory judgment declaring that Philadelphia has a duty to provide coverage to Armory as required by the Policy;

3.      An award of damages in favor of Armory of the full policy limits;

4.      An award of costs and fees incurred in pursuing this action;

5.      Any and other further equitable relief as deemed just by the Court.

**HELLMUTH & JOHNSON, PLLC**

Dated: February 14, 2022                    By: /s/ Patrisha M. Garger
                                                 J. Robert Keena, ID #258817
                                                 Patrisha M. Garger, ID #0401741
                                                 8050 West 78th Street
                                                 Edina, Minnesota 55439
                                                 Tele: 952-941-4005
                                                 Fax: 952-941-2337
                                                 jkeena@hjlawfirm.com
                                                 pgarger@hjlawfirm.com

                                            **ATTORNEYS FOR PLAINTIFFS**

7

Filed in District Court
State of Minnesota
2/15/2022 1:16 PM

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statutes §549.211, to the party against whom the allegations in this pleading are asserted.

Dated: February 14, 2022                    By: /s/ Patrisha M. Garger
                                            Patrisha M. Garger, ID #0401741

**STATE OF MINNESOTA**                                   **DISTRICT COURT**

**COUNTY OF HENNEPIN**                          **FOURTH JUDICIAL DISTRICT**

                                                        **CASE TYPE:  CIVIL-OTHER**

---

Armory Hospitality, LLC,                              Court File No. _____

                 Plaintiff,

                                                        **AFFIDAVIT OF SERVICE**

v.

Philadelphia Indemnity Insurance Companies,
a/k/a Philadelphia Insurance Companies,
a/k/a Tokio Marine Specialty Insurance,

                 Defendant.

---

**STATE OF MINNESOTA** )
                                    ) SS.
**COUNTY OF HENNEPIN** )

      Paula L. Johnson of the City of Eden Prairie, County of Hennepin, in the State of Minnesota, being duly sworn, states that on February 14, 2022, she served the following:

1. Summons and Complaint; and
2. Affidavit of Service on the Minnesota Department of Commerce

**AT THE FOLLOWING ADDRESSES:**

Philadelphia Indemnity Insurance
Companies, a/k/a Philadelphia Insurance
Companies, a/k/a Tokio Marine Specialty
Insurance,
Ct Corporation System, Inc.
1010 Dale Street North
St. Paul, Minnesota 55117-5603

Philadelphia Indemnity Insurance
Companies,  a/k/a Philadelphia Insurance
Companies, a/k/a Tokio Marine Specialty
Insurance,
Attention: Matthew Dinapoli
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004-1403

via certified mail by mailing a copy thereof, enclosed in envelopes, postage prepaid, and by depositing the same in the post office at Edina, Minnesota, directed to said persons, at the addresses given above.

Filed in District Court
State of Minnesota
2/15/2022 1:16 PM

Dated:  February 14, 2022

Paula L. Johnson

Subscribed and Sworn To Before Me
This 14th Day of February, 2022.

Notary Public

GINA HUSAK BAUMANN
Notary Public
Minnesota
My Commission Expires January 31, 2023

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

CASE TYPE:  Civil Other

---

Armory Hospitality, LLC,

      Plaintiff,

v.

Philadelphia Indemnity Insurance Companies,
 a/k/a Philadelphia Insurance Companies,
 a/k/a Tokio Marine Specialty Insurance,

      Defendant.

Court File No. _____

**AFFIDAVIT OF SERVICE**

---

STATE OF MINNESOTA  )
                ) ss.
COUNTY OF HENNEPIN  )

      Paula L. Johnson of the City of Eden Prairie, County of Hennepin, in the State of Minnesota, being duly sworn, states that on February 14, 2022, she served the following:

**Summons and Complaint**

at the following address:

  Minnesota Department of Commerce
  Consumer Services Center
  85 7th Place East, Suite 280
  St. Paul, MN 55101

via certified mail by mailing a copy thereof, enclosed in an envelope, postage prepaid, and by depositing the same in the post office at Edina, Minnesota, directed to said person, at the address given above.

February 14, 2022

Paula L. Johnson

Subscribed and sworn to before me
this 14th day of February, 2022.

Notary Public

GINA HUSAK BAUMANN
Notary Public
Minnesota
My Commission Expires January 31, 2023

1

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

CASE TYPE:  CIVIL-OTHER

---

Armory Hospitality, LLC,

                    Plaintiff,

vs.

Philadelphia Indemnity Insurance Companies,
a/k/a Philadelphia Insurance Companies,
a/k/a Tokio Marine Specialty Insurance,

                    Defendant.

Court File No.: _____

**AFFIDAVIT OF COMPLIANCE**

---

STATE OF MINNESOTA    )
                      ) ss.
COUNTY OF HENNEPIN    )

      1.     Affiant is one of the attorneys representing Plaintiff Armory Hospitality, LLC ("Plaintiff") in the above-referenced matter.  In that capacity, I have personal knowledge of certain facts.

      2.     Affiant's firm prepared the Summons and Complaint in the above-entitled matter.

      3.     On February 14, 2022, a copy of the Summons and Complaint was served on the Minnesota Department of Commerce via Certified Mail.  A true and correct copy of an Affidavit of Service for this service is attached hereto as **Exhibit A**.  A true and correct copy of the cover letter for this service of process is attached hereto as **Exhibit B**.

      4.     On February 14, 2022, said Affidavit of Service and Summons and Complaint were served upon Philadelphia Indemnity Insurance Companies,  a/k/a Philadelphia Insurance Companies, a/k/a Tokio Marine Specialty Insurance,

1

5.      at the following locations:

Philadelphia Indemnity Insurance
Companies, a/k/a Philadelphia Insurance
Companies, a/k/a Tokio Marine Specialty
Insurance
CT Corporation System, Inc.
1010 Dale Street North
St. Paul, Minnesota 55117-5603

Philadelphia Indemnity Insurance
Companies, a/k/a Philadelphia Insurance
Companies, a/k/a Tokio Marine Specialty
Insurance
Attention: Matthew Dinapoli
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004-1403

A true and correct copy of an Affidavit of Service for this service is attached hereto as **Exhibit C**.

A true and correct copy of the cover letter for this service of process is attached hereto as **Exhibit D**.

5.      Pursuant to this Affidavit of Compliance, the date of the Complaint is February 14, 2022, and service of the same via Certified Mail is February 14, 2022.

6.      This Affidavit is executed and filed within the time period for the answering of the Complaint (21 days) and is further submitted as evidence of compliance within Minn. Stat. § 45.028.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated: February 14, 2022

Patrisha M. Garger

Subscribed and sworn to before me
This 14th day of February, 2022.

Notary Public

PAULA LUCILE JOHNSON
Notary Public
State of Minnesota
My Commission Expires
January 31, 2025

2

Filed in District Court
State of Minnesota
2/15/2022 1:16 PM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

CASE TYPE:  Civil Other

---

Armory Hospitality, LLC,

   Plaintiff,

v.

Philadelphia Indemnity Insurance Companies,
 a/k/a Philadelphia Insurance Companies,
 a/k/a Tokio Marine Specialty Insurance,

   Defendant.

Court File No. _____

**AFFIDAVIT OF SERVICE**

---

STATE OF MINNESOTA )
        ) ss.
COUNTY OF HENNEPIN )

 Paula L. Johnson of the City of Eden Prairie, County of Hennepin, in the State of Minnesota, being duly sworn, states that on February 14, 2022, she served the following:

**Summons and Complaint**

at the following address:

Minnesota Department of Commerce
Consumer Services Center
85 7th Place East, Suite 280
St. Paul, MN 55101

via certified mail by mailing a copy thereof, enclosed in an envelope, postage prepaid, and by depositing the same in the post office at Edina, Minnesota, directed to said person, at the address given above.

February 14, 2022

           Paula L. Johnson

Subscribed and sworn to before me
this 14th day of February, 2022.

         GINA HUSAK BAUMANN
         Notary Public
         Minnesota
      My Commission Expires January 31, 2023

   Notary Public

**EXHIBIT**

A

1



WRITER'S DIRECT DIAL NO.: (952) 460-9291
E-MAIL:PGARGER@HJLAWFIRM.COM

February 14, 2022

***VIA CERTIFIED MAIL***

Minnesota Department of Commerce
Consumer Services Center
85 7th Place East, Suite 280
St. Paul, MN 55101

Re:   *Armory Hospitality, LLC, v. Philadelphia Indemnity Insurance Companies,  a/k/a*
      *Philadelphia Insurance Companies, a/k/a Tokio Marine Specialty Insurance*
      Our File No.: 26031.0003

To Whom It May Concern:

Enclosed herewith and served upon you, please find the following documents associated with the above-referenced case:

1.   Summons and Complaint

Service of process is being made in compliance with Minnesota Statute § 45.028.  Copies of the enclosed documents are being sent by certified mail to the service of process address: Philadelphia Indemnity Insurance Companies, a/k/a Philadelphia Insurance Companies, a/k/a Tokio Marine Specialty Insurance, CT Corporation System, Inc., 1010 Dale Street North, Street Paul, Minnesota 55117; and to the insurance company's Service of Process address of Three Bala Plaza East, Suite 400, Bala Cynwyd, Pennsylvania, 19004-1403.

Thank you for your attention to this matter.  Please do not hesitate to contact me directly if you have any questions.

Very truly yours,

HELLMUTH & JOHNSON

*/s/ Pattie Garger*

Patrisha M. Garger
Attorney at Law

PMG/plj
Encs.
cc: Philadelphia Insurance Companies
Armory Hospitality, LLC

8050 West 78th Street, Edina, MN 55439
Office: 952-941-4005   Fax: 952-941-2337



EXHIBIT

B

hjlawfirm.com
ON YOUR SIDE. AT YOUR SIDE.

Filed in District Court
State of Minnesota
2/15/2022 1:16 PM

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE:  CIVIL-OTHER |

---

Armory Hospitality, LLC,

       Plaintiff,

v.

Philadelphia Indemnity Insurance Companies,
a/k/a Philadelphia Insurance Companies,
a/k/a Tokio Marine Specialty Insurance,

       Defendant.

Court File No. _____

**AFFIDAVIT OF SERVICE**

---

**STATE OF MINNESOTA** )
                       ) SS.
**COUNTY OF HENNEPIN** )

    Paula L. Johnson of the City of Eden Prairie, County of Hennepin, in the State of Minnesota, being duly sworn, states that on February 14, 2022, she served the following:

1. Summons and Complaint; and
2. Affidavit of Service on the Minnesota Department of Commerce

**AT THE FOLLOWING ADDRESSES:**

Philadelphia Indemnity Insurance
Companies,  a/k/a Philadelphia Insurance
Companies, a/k/a Tokio Marine Specialty
Insurance,
Ct Corporation System, Inc.
1010 Dale Street North
St. Paul, Minnesota 55117-5603

Philadelphia Indemnity Insurance
Companies,  a/k/a Philadelphia Insurance
Companies, a/k/a Tokio Marine Specialty
Insurance,
Attention: Matthew Dinapoli
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004-1403

via certified mail by mailing a copy thereof, enclosed in envelopes, postage prepaid, and by depositing the same in the post office at Edina, Minnesota, directed to said persons, at the addresses given above.

1



Filed in District Court
State of Minnesota
2/15/2022 1:16 PM

Dated:  February 14, 2022

Subscribed and Sworn To Before Me
This 14th Day of February, 2022.

Paula L. Johnson

Notary Public

GINA HUSAK BAUMANN
Notary Public
Minnesota
My Commission Expires January 31, 2023

Filed in District Court
State of Minnesota
2/15/2022 1:16 PM



# HELLMUTH & JOHNSON

WRITER'S DIRECT DIAL No.: (952) 460-9291
E-MAIL: PGARGER@HJLAWFIRM.COM

February 14, 2022

*VIA CERTIFIED MAIL*

Philadelphia Indemnity Insurance Companies,
a/k/a Philadelphia Insurance Companies, a/k/a
Tokio Marine Specialty Insurance,
CT Corporation System, Inc.
1010 Dale Street North
St. Paul, Minnesota 55117-5603

Philadelphia Indemnity Insurance Companies,
a/k/a Philadelphia Insurance Companies, a/k/a
Tokio Marine Specialty Insurance
Attention: Matthew Dinapoli
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004-1403

Re:   *Armory Hospitality, LLC, v. Tokio Marine Specialty Insurance Company, f/k/a Philadelphia Insurance Companies*
      Our File No.: 26031.0003

Dear Mr. Dinapoli:

Enclosed herewith and served upon Philadelphia Indemnity Insurance Companies, a/k/a Philadelphia Insurance Companies, a/k/a Tokio Marine Specialty Insurance, via certified mail in accordance with Minnesota Statute § 45.028, please find the Summons and Complaint in connection with the above-referenced matter. Also enclosed is an Affidavit of Compliance regarding Plaintiff's service of the Summons and Complaint on the Minnesota Department of Commerce.

Very truly yours,

HELLMUTH & JOHNSON

*/s/ Pattie Garger*

Patrisha M. Garger
Attorney at Law

PMG/plj
Encs.
cc:   MN Dept. of Commerce (w/o encs.)



8050 West 78th Street, Edina, MN 55439
Office: 952-941-4005   Fax: 952-941-2337

hjlawfirm.com
ON YOUR SIDE. AT YOUR SIDE.